## ROBERSON *v.* ROBERSON *et al.*

1. Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, can not avail himself at law. Civil Code (1910), § 5492.

2. Legislative acts in violation of the constitution of Georgia, or the constitution of the United States, are void, and the judiciary shall so declare them. Const. art. 1, sec. 4, par. 2 (Civil Code of 1910, § 6392).

3. If the act of August 20, 1918 (Acts 1918, p. 162), is unconstitutional for any reason, the petitioner can avail himself of this defense before the ordinary upon the hearing of the application for the appointment of a guardian for him upon the ground of his imbecility; the ordinary, as a branch of the judiciary of this State, having authority, under the above provision of the constitution, to declare said act void if unconstitutional for any of the reasons assigned by petitioner.

4. If the act of August 20, 1918, is unconstitutional for any of the reasons alleged by the plaintiff, then the law in existence prior to, and at the time of, the adoption of said act, and contained in the Civil Code (1910), § 3092 et seq., was still of force, and the present proceeding would be maintainable under it.

5. Applying the above rulings, the court did not err in sustaining the demurrer to the petition, and in dismissing the action.

No. 6159. JANUARY 10, 1928.

Equitable petition. Before Judge Wood. Fannin superior court. June 25, 1927.

*John T. Dorsey, Morris, Hawkins & Wallace,* and *O. R. DuPree,* for plaintiff.

*William Butt,* for defendants.

HINES, J. W. M. Roberson filed a petition with the ordinary of Fannin County, alleging that William Everett Roberson has an estate in said county, that he is an imbecile and is incapable of managing his estate, that it is necessary that a guardian be appointed for the purpose of protecting and maintaining his estate,

Constitutional Law, 12 C. J. p. 775, n. 42; p. 884, n. 8.
Injunctions, 32 C. J. p. 101, n. 71; p. 108, n. 52.
Statutes, 36 Cyc. p. 1098, n. 49.

and that three named residents of said county are his nearest adult relatives. Petitioner prays that a rule nisi issue, directed to said three nearest adult relatives and to William Everett Roberson, and that they be required to show cause why petitioner should not be appointed guardian of the property of the alleged imbecile. A rule nisi was issued by the ordinary, and was served upon the four persons named. Before said petition was further acted upon, William Everett Roberson filed his petition in the superior court of said county against W. M. Roberson and the ordinary, alleging, in addition to the facts above set forth, that the said proceeding was brought under the act of August 20, 1918 (Acts 1918, p. 162), and that said act is unconstitutional and void because it violates designated portions of the State constitution, and the fourteenth amendment to the constitution of the United States. Because of the unconstitutionality of said act he prayed that the proceeding before the ordinary be enjoined. The defendants demurred to this petition, upon the ground that it set forth no cause of action. The judge sustained the demurrer, and the petitioner excepted.

Elaboration of the headnotes is not necessary.

*Judgment affirmed. All the Justices concur.*